**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COMFORT RESIDENTIAL PARTNERS, LLC, <br><br>       Plaintiff, <br><br>   v. <br><br> NOVA CASUALTY COMPANY and A.I.M., INC., <br><br>       Defendants. | 3:10-cv-806-RCJ-RAM <br><br> **ORDER** |

Currently before the Court is Plaintiff Comfort Residential Partners LLC's ("Comfort") Motion to Remand (#13). The Court heard oral argument on July 28, 2011.

**BACKGROUND**

Plaintiff Comfort Residential ("Comfort") contracted Sun Rockeries to build rock retaining walls on land it was developing known as "Bella Rio" in Reno, NV. Through broker Defendant A.I.M., Inc. ("AIM"), Sun Rockeries took out a general liability insurance policy in August 2003 from Defendant Nova Casualty Company ("Nova") against claims made by third parties for property damage caused by Sun Rockeries. Motion to Remand (#13) at 2. Comfort sued Sun Rockeries over damage done, and in 2009 obtained a default judgment against the now defunct Sun Rockeries for $6,780,004 plus fees. Id. at 3-4. Nova refused to defend Sun Rockeries. Id. at 3.

In 2010, Comfort filed a complaint in the Oregon Circuit Court seeking garnishment against Nova, and alleging that Nova had breached its contract with Sun Rockeries by failing to defend it in the previous suit. Notice of Removal (#1) at 2. In August 2010, Comfort obtained an assignment of rights from Sun Rockeries against Nova. Id. at 3. After an unfavorable ruling

1  in Oregon Circuit Court, which resulted in claims related to a duty to defend being stricken,
2  Comfort voluntarily dismissed the suit without prejudice. Id.

3  On November 29, 2010, Comfort filed a complaint in the Second Judicial District Court
4  for the State of Nevada. Complaint (#1-10) at 2. The complaint alleges a breach of contract
5  for failure to defend, breach of fiduciary duty, and violation of Nevada's Unfair Claims
6  Practices Act against Defendant Nova. Id. at 6-8. The complaint also alleges negligence
7  against broker AIM, a Nevada corporation, for "fail[ure] to assist, explain or ensure
8  completeness" of Sun Rockeries' insurance application. Id. at 9.

9  Defendants filed a petition for removal to this Court based on diversity of citizenship
10  grounds, alleging the fraudulent joinder of AIM. Notice of Removal at 5–6. The motion to
11  remand now follows.

12  **LEGAL STANDARD**

13  An action may be removed to federal court only if it could have been brought there
14  originally. 28 U.S.C. § 1441(a). Removal statutes should be construed narrowly in favor of
15  remand to protect the jurisdiction of the state court because federal courts are courts of limited
16  jurisdiction. Harris v. Bankers Life & Gas Co, 425 F.3d 689, 698 (9th Cir. 2005). As a result,
17  the general presumption is that a cause of action lies outside of federal jurisdiction. Kokkonen
18  v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). This presumption places the
19  burden of proving that removal is proper with the removing party, and federal jurisdiction must
20  be rejected and the case remanded if there is any doubt as to the right of removal in the first
21  instance. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

22  Generally, federal jurisdiction based on diversity of citizenship requires that the claim
23  satisfy the jurisdictional amount, $75,000, and that there be complete diversity among the
24  parties, i.e. no defendants share citizenship with any plaintiff, and no defendant is a citizen of
25  the state in which the suit was filed. 28 U.S.C. § 1332. However, when suit is brought against
26  a fraudulent or "sham" defendant for the purposes of defeating diversity jurisdiction, the
27  citizenship of that defendant may be disregarded for purposes of establishing jurisdiction.
28

Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998) ("It is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds.").

A defendant is fraudulently joined if the plaintiff fails to state a claim against him and that failure is "obvious according to the settled rules of the state." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). The removing party bears the burden of proving fraudulent joinder by clear and convincing evidence. Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

The issue of whether removal was proper is generally determined on the pleadings as they existed at the time of removal. Eagle v. American Tel. & Tel. Co., 769 F.2d 541, 545 (9th Cir. 1985) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939)). In cases where there is a question of whether the non-diverse defendant was fraudulently joined, the district court is allowed to "pierce the pleadings" and consider additional evidence of a summary judgment nature. See Ritchey, 139 F.3d at 1318 (stating that "a defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory"). Nevertheless, consideration of the legitimacy of removal should be limited to evidence available at the time of removal and "not on possible future evidence that may be obtained through further discovery." Kite v. Zimmer, 2006 WL 3386765, *1 (D. Nev. 2006) (J. Jones). Examining this evidence, the court must resolve "all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." Plute v. Roadway Package Sys., Inc., 141 F.Supp.2d 1005, 1008 (N.D. Cal. 2001) (internal citations omitted).

The removing party has the burden of proof to prove that (1) plaintiff has not stated a claim against the non-diverse party, and (2) plaintiff *cannot* state a claim against the non-diverse party. See Greene v. Wyeth, 344 F.Supp.2d 674, 682 (D. Nev. 2004) ("Where there is a 'non-fanciful possibility' that the Plaintiffs can state a claim against the non-diverse Defendants, the Court must remand."). Although no Nevada court has required a removing party to demonstrate that the state court would not grant a plaintiff leave to amend to fix any pleading deficiencies, other district courts have. See Padilla v. AT&T Corp., 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009) (remanding upon failure of defendant to show that the plaintiff

could not amend and possibly recover); Burris v. AT&T Wireless, Inc., 2006 WL 2038040, *2 (N.D. Cal 2006) (remanding despite clear failure of plaintiff to plead necessary element of cause of action because plaintiff may have been given leave to amend).

**DISCUSSION**

Defendants removed on the grounds that AIM was a fraudulently joined defendant because Comfort had not obtained an assignment of rights from Sun Rockeries with regards to AIM, only to Nova, and thus lacked standing to sue AIM. Notice of Removal (#1) at 5–6. Comfort, in its motion to remand, implicitly admitted that, at the time of removal, its assignment was insufficient with regards to Defendant AIM. Motion to Remand (#13) at 5. Comfort subsequently acquired the assignment and argues that this acquisition destroys this Court's jurisdiction by mooting Defendants' contention of fraudulent joinder. Id. at 6-8. Comfort also asserts that it will seek to amend in state court upon remand. Id. at 5.

In response, Defendants argue that Comfort cannot unilaterally divest this Court of jurisdiction if jurisdiction existed at the time of removal. Defendants' Opposition to Motion to Remand (#16) at 6. Defendants also allege a second basis for showing the fraudulent joinder of AIM—that the claim stated against AIM rests on "hypothetical facts" so as to make the claim merely "speculative." Id. at 6–7.

In reply, Comfort asserts that the complaint, when read liberally, gives fair notice to the parties thus conforming to pleading requirements. Reply to Opposition (#17) at 5. In addition, Comfort points this Court to the discretionary authority given to it by 28 U.S.C. § 1447(e) to join a non-diverse party and remand. Id. at 2-3. Comfort contends that the acquisition of rights against AIM serves to effectively join AIM which divests this Court of jurisdiction. Id. Comfort does not seek this Court's permission to join AIM at this time. See id.

As an initial matter, the parties do not dispute that the jurisdictional amount is satisfied—Comfort alleges damages in excess of $7 million. In addition, the citizenship of the parties is undisputed—Nova is a citizen of Connecticut and New York, and Comfort, Sun Rockeries, and AIM are citizens of Nevada. Notice of Removal (#1) at 4. The only issue of note is whether Defendant AIM was fraudulently joined. To determine this, the Court looks at

whether, at the time of removal, Comfort could possibly state a claim upon which it could prevail over AIM.

Defendants allege that the complaint contains two pleading deficiencies: (1) the complaint's stated cause of action against AIM is not sufficiently certain and based only on "hypothetical facts," and (2) Comfort's assignment of rights at the time of removal was solely for claims against Nova and is not sufficient to provide standing for suit against AIM. While Defendants have alleged a failure to state a claim, they must also demonstrate Comfort's *inability* to state a claim against AIM, particularly that Comfort would not be given leave to amend in state court. Here, Defendants have not alleged an inability to amend. In examining the two alleged deficiencies, the Court finds that Plaintiff would be given leave to amend in state court in order to cure its deficiencies.

Similar to the Federal Rules, the Nevada Rules of Civil Procedure permit a party to amend "once as a matter of course at any time before a responsive pleading is served." Nev. R. Civ. P. 15(a). In all other cases, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Id. However, "leave shall be freely given when justice so requires." Id. In this case, Defendants have filed responsive pleadings, so Comfort would only be able to amend by leave of the court.

Under Nevada law, a pleading is sufficient if it gives "fair notice of the nature and basis of a legally sufficient claim and the relief requested." Vacation Village, Inc. v. Hitachi Am., Ltd., 874 P.2d 744, 746 (Nev. 1994). Nevada has imposed an ordinary standard of care on insurance brokers to procure the agreed-upon insurance policy. See Havas v. Carter, 515 P.2d 397, 399 (Nev. 1973) (stating that "an insurance agent or broker who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance and to seasonably notify the client if he, the agent or broker, is unable to obtain the insurance").

Here, Defendants contend that Plaintiff has failed to state a claim and alleges only "hypothetical facts" that demonstrate that the claim is merely "speculative." However, a liberal reading of the original claim reveals that Comfort has alleged that AIM had a duty to use

5

reasonable care as a broker in preparing Sun Rockeries' insurance application and that if the insurance application was deficient, AIM breached its duty. Complaint (#1-10) at 9. Additionally, as a result of that breach, Comfort seeks damages in excess of $10,000. Id. Thus, Plaintiff sufficiently pleads a claim against AIM. However, even if the claim was insufficiently pled, a state court would grant Comfort leave to amend under Nevada law. Accordingly, Defendants have not demonstrated that Plaintiff cannot state a claim against AIM.

With respect to Defendants' claim that Comfort lacked standing to bring suit against Defendant AIM because the prior assignment of rights from Sun Rockeries did not apply to claims against AIM, it is clear that, indeed at the time of removal, the assignment of rights did not apply to AIM. It is also clear that Comfort's subsequent acquisition of the assignment of rights is sufficient under Nevada law to make Comfort the real party in interest against AIM. See Easton Bus. Opp. v. Town Exec. Suites, 230 P.3d 827, 831 (Nev. 2010) (holding that assignee of commission rights was real party in interest for suit regarding the commission).

However, it is not clear from the case law whether the removing party has the burden of proof to demonstrate that there is no possibility of amendment to reflect post-removal occurrences such as the acquisition of rights in this case. While in cases of fraudulent joinder the burden of proof includes showing an inability to amend to correct deficiencies, the propriety of removal is determined based on evidence available at the time of removal. Thus, there is ambiguity whether Defendants must show an inability to amend to reflect facts that may change after the time of removal. The Court finds that Defendants' burden in this case does include showing an inability of Comfort to amend its complaint to show that it is a real party in interest with regards to AIM. First, in this case, it is not overly burdensome to require this showing of proof on Defendants because the acquisition of rights was foreseeable at the time of removal—Comfort already possessed a similar assignment of rights with regard to Nova. Second, the post-removal acquisition of the assignment of rights does not change the factual allegations of the conduct of Defendant AIM. Finally, in addition to the generally liberal rules regarding pleading and amendment, the Nevada Rules of Civil Procedure provide that in cases where it is uncertain if the plaintiff is a party of interest, the court is required to give a

reasonable amount of time after objection to cure the deficiency. See Nev. R. Civ. P. 17 (providing that "no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. . . "). Based on the expanded time for curing these types of deficiencies and the general burdens of proof for motions to remand, Defendants should have the burden of showing that Comfort would not be afforded a reasonable time period after an objection to cure its deficient status as a party in interest.

Thus, Defendants have not met, and cannot meet their burden of proving that Comfort would not be given leave to amend to fix the lack of standing with the assignment of rights. As such, Defendants have not shown with clear and convincing evidence that the joinder of Defendant AIM was fraudulent.  Therefore, the Court grants the motion to remand (#13). However, if the state court grants a motion to dismiss AIM from the lawsuit, this Court invites the parties to remove the case again to this Court.  Upon removal, this Court will not consider time limits if the parties have complied with all other procedural rules.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Comfort's Motion to Remand (#13) is GRANTED.

DATED: This 10th day of August, 2011.

ROBERT C. JONES
United States District Chief Judge